# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason George and Timoty Gillen, as Trustees of the Operating Engineers Local #49 Health and Welfare Fund and their successor(s); et al.;<br><br>Plaintiffs,<br><br>v.<br><br>USAFrik, Inc.; and Richard Anthony Mongo;<br><br>Defendants. | No. 23-cv-753 (KMM/JFD)<br><br><br>**ORDER ON PLAINTIFFS'<br>MOTION FOR DEFAULT<br>ORDER AND INJUNCTION** |

This matter came before the Court for a hearing on Plaintiffs' Motion for a Default Order and Injunction [Doc. 11] on November 9, 2023. Plaintiffs appeared through counsel at that hearing. Defendants made no appearance at the hearing, nor have they responded to the pleadings or otherwise made any appearance in these proceedings despite receiving personal service of the Summons and Complaint and all motion papers. Based on the motion for default judgment and on all the files and records in this action, the Court enters the following ORDER.

Because the Clerk of Court has entered default against Defendants, the facts alleged in Plaintiff's Complaint are "deemed to be true." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). On a motion for default judgment the Court must determine whether the unchallenged facts in the complaint establish a valid cause of action. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). The entry of default

judgment is a committed to the district court's discretion. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).

*Findings*[1]

1. The Summons and Complaint were filed on March 28, 2023. Service was accomplished upon Defendants on March 30, 2023.

2. Defendants have failed to file and serve a response or answer to the Complaint. The Clerk's Entry of Default was entered on April 26, 2023.

3. Plaintiffs are trustees and fiduciaries of the above-captioned funds (hereinafter "Funds"). The Funds are multi-employer jointly trusteed fringe benefit plans created and maintained pursuant to Sections 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §§ 186(c)(5), 186(c)(6). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA").

4. Plaintiffs, and any subsequently appointed successors, are fiduciaries of the respective Funds under ERISA § 3(21), 29 U.S.C. § 1002(21).

5. Defendant USAFrik, Inc. is a Minnesota business corporation engaged in the construction business with a registered office address of 809 East 7th Street, Suite 6, Saint Paul, Minnesota 55106.

---

[1] In addition to the facts established by the Complaint, support for Plaintiffs' motion and the Court's findings are found in the Declaration of Katie Angstman, who is an auditor for the Plaintiffs' plan administrator, and the exhibits attached to it. [Doc. 14.]

6. Defendants USAFrik, Inc. and Richard Anthony Mongo are employers within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

7. Defendants are employers which agreed to be bound to collective bargaining agreements, specifically the Highway Heavy Agreement, with the International Union of Operating Engineers, Local No. 49 through the present. ("CBA").

8. The CBA requires, among other things, that signatory employers pay fringe benefit contributions to the Funds in accordance with the terms of the Funds. These contributions must be made on behalf of all employees covered by the CBA for hours worked in amounts set forth and agreed upon therein, for the purpose of funding employees' benefits.

9. The CBA and Trust Agreement require employers, such as Defendants, to contribute every month, not later than the fifteenth (15th) of the following month, such sums for pension, health and welfare coverage, and apprenticeship benefits, an amount for each hour worked by all employees covered by the CBA. Each payment shall be accompanied by a report form as specified by the Trustees and must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

10. The CBA, the Funds' Statement of Policy on Collection and Auditing, and the Funds' Trust Agreement, if Wilson-McShane has not received an employer's remittance reports and payment for contributions on or before the 10th day of the month following the month in which contributions are due and owing that employer is

3

considered "delinquent" and is liable for unpaid contributions, liquidated damages in the amount of 15% of the unpaid contributions, reasonable attorneys' fees, interest in the amount of eight percent (8%) per annum, and other expenses incurred by the Plaintiffs incurred in taking action on the employer's delinquency.

11. Defendant Richard Anthony Mongo is an individual and the President or an officer, manager, and/or owner of USAFrik, Inc. who agreed to be personally liable to the Operating Engineers Local #49 Health and Welfare Fund for unpaid fringe benefit contributions and penalties.

12. Prior to the commencement of this lawsuit, Defendants had failed to submit fringe fund remittance reports and contribution payments for hours worked by Defendant USAFrik's employees during the period of August 2022 through March 2023 and were therefore delinquent in the submission of reports and contributions.

11. Plaintiffs believe that Defendants' employees have performed covered work during the months of August 2022 to present for which hours should have been reported and benefits paid to the Funds.

12. Prior to commencement of the action, Plaintiffs' agents requested that Defendant USAFrik produce a complete set of the company's payroll, tax and employment records for the period of January 2019 through December 2022 for the purpose of auditing the company's records for fringe benefit reporting compliance. Plaintiffs are now requesting an audit for the period of August 2022 through September 2023.

13. Subsequent to the Complaint being filed and served in this action, Defendant USAFrik produced records for an audit covering the period of June 2019 through December 2022, but did not produce records for January 2023 forward, and did not submit fringe fund remittance reports for August 2022 as requested.

14. In order to ascertain the amount owed for fringe benefit contributions to Plaintiffs, Defendant USAFrik must provide fringe fund remittance reports accurately disclosing hours worked by covered employees for the period of August 2022 through September 2023 (or through the date of the Court's Order) and must produce the business records Wilson-McShane requested for the audit covering January 2023 through September 2023.

15. The CBA and Trust Agreement provide that Plaintiffs are entitled to their reasonable attorney's fees and costs of this action.

*Conclusions*

1. Defendants USAFrik, Inc. and Richard Anthony Mongo, are in default, and Plaintiffs are entitled to the relief demanded in the Complaint.

2. Defendants have breached their obligation under the CBAs by failing to submit all fringe fund remittance reports disclosing hours worked by covered employees for the period of August 2022 through September 2023.

3. Defendant USAFrik, Inc. is liable to Plaintiffs for any unpaid fringe benefit contributions found to be due and owing pursuant to the remittance reports for August 2022 through September 2023. Defendant Richard Mongo is liable to the Health Fund for any unpaid contributions owed to the Health Fund for this period.

4.      Defendants USAFrik, Inc. and Defendant Richard Mongo have breached their obligations under the CBAs by failing to permit inspection and audit of their business and employment records from the period of January 2023 to September 2023.

5.      Following the completion of the audit for the period of January 2023 through September 2023, Defendants are liable to the Funds for all fringe benefit contributions found to be due and unpaid for August 2022 through September 2023 (per reports) and January 2023 through September 2023 (per the audit), together with liquidated damages of 15%, interest due on any unpaid contributions at the rate of 8%, and reasonable attorney's fees and costs incurred in collecting the delinquency pursuant to 29 U.S.C. § 1132(a) and (g) and the CBA.

## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      That Plaintiffs' Motion for Entry of Default Order and Injunction [Doc. 11] is granted.

2.      Defendants USAFrik, Inc. and Richard Mongo must submit to inspection and audit by producing the following business records to Plaintiffs, within ten (10) days of the entry of this Order, for the period of January 2023 through September 30, 2023:

a.      All payroll registers or journals;

b.      All time cards;

c.      All Internal Revenue Form 941 quarterly reports;

d.      All Form 1099s and 1096s;

e.      All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued

6

        by the employer prior to the audit being completed);

    f.    All payments to any individual for labor or services, regardless of whether Defendants classifies such individual as an employee or as a subcontractor;

    g.    All cash disbursement reports or journals;

    h.    All checking account bank statements including copies of all checks issued from the accounts;

    i.    All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;

    j.    All records identifying the type of work performed by each employee and individual who has performed services for each of the Defendants; and

any such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs. Such production and inspection shall occur within ten (10) days of entry of this Court's Order requiring same at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

    3.    Upon the completion of the above-ordered inspection and audit, and upon the issuance by Plaintiffs to Defendants USAFrik, Inc. and Richard A. Mongo of an invoice establishing fringe benefit payment amounts due for hours worked by covered employees for August 2022 through September 2023, if Defendants fail to make the payments required by this Order within (14) days after the issuance of the invoice, Plaintiffs may move the Court for entry of a money judgment for all unpaid contributions owed pursuant to hours worked from August 2022 through September 2023, including liquidated damages, interest, and reasonable attorney fees and costs, as shown by declaration filed with the Court. The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders otherwise.

**Let Judgment be entered accordingly**.

Date: November 30, 2023         *s/Katherine Menendez*
                                Katherine Menendez
                                United States District Judge