# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason George and Timothy Gillen, as Trustees of the Operating Engineers Local #49 Health and Welfare Fund and their successor(s); Jason George and Michael McNamara and their successors as Trustees of the Operating Engineers Local #49 Defined Contribution Plan; Joseph Shelton, and his successor(s) as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers; and Jason George and Jeffrey Carlson, and their successor(s) as Trustees of the Local #49 I.U.O.E. and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>    Plaintiff,<br><br>v.<br><br>USAFrik, Inc., and Richard Anthony Mongo, *individually*,<br><br>    Defendant. | No. 23-cv-753 (KMM/JFD)<br><br><br><br><br><br><br>**ORDER** |

In its November 30, 2023 Order granting Plaintiffs' motion for default judgment, the Court described the nature of the dispute between the parties. ECF 21. In accordance with that Order, the Clerk of Court entered Judgment on December 1, 2023. ECF 22. The default judgment Order and the Judgment required Defendants USAFrik, Inc. and Richard Anthony Mongo to provide business records to the Plaintiffs so that the Plaintiffs' plan administrator could conduct an audit. In addition, upon completion of the audit, the Court

1

permitted Plaintiffs to issue an invoice to the Defendants for payment of benefits based on the hours worked by covered employees. The Defendants' failure to pay entitled Plaintiffs to move the Court for entry of a money judgment for all unpaid contributions owed.

On February 5, 2024, Defendants provided records to Plaintiffs, and Plaintiffs conducted an inspection and audit. Suppl. Angstman Decl. ¶ 7, ECF 40. Plaintiffs determined that Defendants owed contributions under the governing collective bargaining agreement ("CBA"). On April 16, 2024, Plaintiffs filed a motion for entry of a money judgment, which is now before the Court. ECF 37. The Court held a hearing on the motion on June 20, 2024. Defendants did not appear at that hearing and have not filed anything with the Court for the duration of this case.

In support of the motion, Plaintiffs filed a Supplemental Declaration of Katie Angstman, an employee of Wilson-McShane, the Plaintiffs' plan administrator. Suppl. Angstman Decl. ¶ 1. After reviewing Defendants' records, Ms. Angstman prepared an audit invoice for the period covering June 2019 through December 2023 (the "Audit Period"). *Id.* ¶¶ 7–8. Ms. Angstman determined that the Defendants owe the following amounts to Plaintiffs pursuant to the CBA.[1]

1. Defendant USAFrik owes $88,189.05 in unpaid fringe benefit contributions to Plaintiffs. USAFrik owes $13,228.36 in liquidated damages. USAFrik owes $7,055.07 in interest on the unpaid contributions.

---

[1] The CBA provides for liquidated damages of 15% of unpaid contributions and interest on unpaid contributions of 8%.

    2. Defendant Richard Anthony Mongo owes the Health Fund[2] $43,777.12 in unpaid fringe benefit contributions. Mr. Mongo owes $6,566.57 in liquidated damages. Mr. Mongo owes $3,502.17 in interests on the unpaid contributions.

*Id.* ¶¶ 10–16. The total amount owed by Defendants is $108,472.48, and Mr. Mongo is personally liable for $53,845.86 of that total amount. *Id.* ¶¶ 15–16. Consistent with the evidence provided by Plaintiffs, the Court finds that the Defendants are liable to the Plaintiffs in these amounts.

    The CBA allows the Plaintiffs to recover their reasonable attorney's fees, costs, and disbursements incurred in connection with the prosecution of their delinquency claims. The Plaintiffs seek $11,035.58 in attorney's fees and costs, and they support that request with the Declaration of Amanda Cefalu, Cefalu Decl., ECF 41, as well as Ms. Cefalu's Supplemental Declaration, Suppl. Cefalu Decl., ECF 45. Together, Ms. Cefalu's declarations demonstrate Plaintiffs' attorneys' qualifications, their reasonable hourly rates, and the reasonable number of hours spent by counsel on compensable tasks necessary to pursue this litigation. Based on this evidence and the Court's familiarity with this litigation, the Court finds that the Plaintiffs are entitled to recover $11,035.58 in attorney's fees and costs.[3]

---

[2] Mr. Mongo entered a participating agreement with the Operating Engineers Local #49 Health and Welfare Fund (the "Health Fund"), agreeing to be personally liable for amounts owed to the Health Fund per the CBA.

[3] This finding includes $10,294 in attorneys' fees and $741.58 in costs. Suppl. Cefalu Decl. ¶¶ 2–6.

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1. The Judgment entered on December 1, 2023 in this matter (ECF 22) shall be amended by the Clerk of Court as set forth in the following paragraphs.

2. Plaintiff's Motion for Entry of Judgment against Defendants USAFrik, Inc., and Richard Anthony Mongo, *individually* (ECF 37) is granted.

3. Defendant USAFrik, Inc. is liable to Plaintiffs in the amount of $88,189.05 in unpaid contributions, $13,228.36 in liquidated damages, $11,035.58 for attorneys' fees and costs, and $7,055.07 in interest, for a total judgment of $119,508.06.

4. Defendant Richard Anthony Mongo is jointly and severally liable to the Health Fund in the amount of $43,777.12 in unpaid contributions, $6,566.57 for liquidated damages, $11,035.58 for attorneys' fees and costs, and $3,502.17 in interest, for a total judgment of $64,881.44.

**Let Judgment be entered accordingly.**

Date: June 26, 2024              *s/Katherine Menendez*
                                 Katherine Menendez
                                 United States District Judge